## Liverpool, London & Globe Ins. Co. *v.* Kosciusko and S. E. R. Co.

[83 South. 305, In Banc. No. 20874.]

RAILROADS. *Evidence making origin of fire question for the jury.*

Where in a suit to recover damages against a railroad company for damages for the loss of a warehouse by fire, the evidence, by a process of exclusion of all other probable causes of the fire, together with evidence tending to show with a reasonable degree of certainty, that the sparks issuing from an antiquated locomotive of defendant set fire to the building, in such case the question of the origin of the fire should be submitted to the jury under the instructions of the court.

APPEAL from the circuit court of Attala county. HON. T. L. LAMB, Judge.

Suit by Liverpool, London & Globe Insurance Company against the Kosciusko & South Eastern Railroad Company. From a judgment for defendant under a peremptory instruction, plaintiff appeals. The facts are fully stated in the opinion of the court.

*D. H. Glass* and *G. J. Smythe,* for appellant.

*S. L. Dodd* and *Green & Green,* for appellee.

Cook, J., delivered the opinion of the court.

A certain warehouse and its contents were destroyed by fire. The Liverpool, London & Globe Insurance Company had issued a policy insuring from loss by fire the personal property located in the warehouse, and the Home Insurance Company insured the house itself. The owners of the property destroyed assigned their claims against the railroad company by way of subrogation.

It will be unnecessary for this court to go into the detailed evidence presented to the jury tending to show that sparks from the locomotive of the defendant caused the fire. At the close of the plaintiff's case, the trial judge granted an instruction to the defendant, peremptorily directing the jury to return a verdict for the defendants.

In our opinion, the evidence, by a process of exclusion of all other probable causes of the fire, together with the evidence tending to show, with a reasonable degree of certainty, that the sparks issuing from the antiquated locomotive of defendant set fire to the building; in other words, the evidence, taken as a whole, would warrant a jury in returning a verdict for the plaintiff. Of course, the weight to be given to the evidence was a question for the determination of the jury alone, and the question of fact should have been submitted to the jury under the instruction of the court.

*Reversed and remanded.*